**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MARICELA MILAGROS SANCHEZ ALONSO,** | § | |
| | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1083-KC** |
| | § | |
| **WARDEN, EL PASO CAMP EAST MONTANA DETENTION CENTER,** | § | |
| | § | |
| | § | |
| **Respondent.** | § | |

**<u>ORDER</u>**

On this day, the Court considered Maricela Milagros Sanchez Alonso's Petition for a Writ of Habeas Corpus, ECF No. 1. Sanchez Alonso is detained at Camp East Montana in El Paso, Texas. *Id.* ¶ 2. She argues that her detention is unlawful and asks the Court to order her release or a bond hearing. *Id.* ¶¶ 13, 15; *id.* at 10–12.

Sanchez Alonso entered the country in 2023, was placed in removal proceedings, and released on her own recognizance. *Id.* at 10; *see id.* Ex. B ("I-220A Release Order"), ECF No. 1-1. Since her release, she has "fully complied with all conditions imposed by [the Department of Homeland Security]." Pet. 10. Sanchez Alonso filed an application for adjustment of status under the Cuban Adjustment Act, and, on September 16, 2025, the Immigration Judge termination her removal proceedings after determining that she was prima facie eligible to adjust her status. *Id.* However, on November 19, 2025, upon appearing for a check-in with Immigration and Customs Enforcement, she was re-detained. *Id.* In its Show Cause Order, ECF No. 3, the Court noted that, "[a]s alleged, Sanchez Alonso's case appears materially indistinguishable from several others in which this Court has found a procedural due process

violation.  *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025)."  Show Cause Order 1–2.  The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Sanchez Alonso's case warrant a different outcome."  *Id.* at 2.

Respondents argue that Sanchez Alonso's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Resp. 1, ECF No. 5.

Sanchez Alonso argues that her detention without an opportunity for a meaningful individualized custody determination is unlawful on statutory grounds, as well as constitutional due process grounds.  Pet. ¶¶ 13, 15; *id.* at 10–12.  The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Sanchez Alonso's position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to Sanchez Alonso's statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).  "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'"  *Id.* at *2 (citations omitted).  Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez."  *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them.  *Compare* Resp. 1–28, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3;

*Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at \*1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at \*1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at \*1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at \*10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88.  Because Respondents have not identified any material differences between Sanchez Alonso's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Sanchez Alonso's procedural due process claim, it follows that the same result is warranted here.  *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Sanchez Alonso's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, **on or before May 1, 2026**, Respondents shall either: (1) provide Sanchez Alonso with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Sanchez Alonso's continued detention; or (2) release Sanchez Alonso from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before May 1, 2026**, Respondents shall **FILE** notice informing the Court whether Sanchez Alonso has been released from custody.  If Sanchez

---

[1] The relevant facts are undisputed, *see* Resp. 3–4, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Sanchez Alonso's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either.  *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at \*3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at \*5 n.1).

Alonso has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph.  Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

IT IS FURTHER ORDERED that if Sanchez Alonso is released from custody, Respondents shall RETURN all of her personal property in their custody, without which her liberty interest will be affected, to her upon release.  Such property includes, but is not limited to, identification documents.

There will be no extensions of the May 1, 2026, deadlines.

Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody.

SO ORDERED.

SIGNED this 24th day of April, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE